COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 
2-02-444-CR
 
THEODORE RONALD CREWS                                                  APPELLANT 
 
V.
 
THE STATE OF TEXAS                                                                  STATE 
 
------------
 
FROM THE 
213TH DISTRICT COURT OF TARRANT COUNTY 
 
------------
 
MEMORANDUM OPINION



 
------------
        Theodore Ronald Crews appeals from his conviction for aggravated 
assault with a deadly weapon. In a single issue, he complains that the evidence 
is factually insufficient to support his conviction because the evidence shows 
that the victim’s injuries may have been self-inflicted. We will affirm. 
        In reviewing the factual sufficiency of the evidence to support a 
conviction, we are to view all the evidence in a neutral light, favoring neither 
party. Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); Clewis v. 
State, 922 S.W.2d 126, 129, 134 (Tex. Crim. App. 1996). Evidence is 
factually insufficient if it is so weak as to be clearly wrong and manifestly 
unjust or the adverse finding is against the great weight and preponderance of 
the available evidence. Johnson, 23 S.W.3d at 11. 
        In this case, the record shows that, on the evening of June 27, 2002, 
appellant and his live-in girlfriend, Georgia Malyszka, had an argument. 
Malyszka shut herself in the bathroom, but appellant got in and threatened her 
with a knife. Malyszka’s sister, to whom Malyszka was talking on her cell 
phone, heard “crying and screaming” and called 9-1-1; officers were dispatched 
to Malyszka’s apartment. 
        When the officers arrived, Malyszka got past appellant and headed for the 
front door. Appellant grabbed Malyszka from behind, threw her to the floor, 
and stabbed her three times in the stomach. When Malyszka screamed for 
help, Officer Andrew Crump kicked in the front door, and appellant stabbed 
Malyszka in the throat. Officer Crump and another officer found appellant 
sitting behind the front door and Malyszka sitting in front of him, with her back 
to his stomach. Appellant was holding Malyszka forcefully and had a knife 
against her stomach. Malyszka was very limp, and blood was everywhere. 
        Officer Crump ordered appellant to drop the knife, and then pulled 
Malyszka away from appellant and into the living room area. Officer Crump put 
a blanket on Malyszka’s neck to the stop the bleeding, and the officers took 
turns covering her wounds and applying pressure until an ambulance arrived. 
When paramedics cut open Malyszka’s dress, they found several stab marks to 
her chest and three stab wounds to her abdomen. 
        Appellant contends that the evidence is factually insufficient to support 
his conviction because (1) Malyszka’s injuries were consistent with self-inflicted 
wounds, (2) all the injuries were in areas accessible to being self-inflicted, (3) 
Malyszka was intoxicated, (4) the State did not introduce Malyszka’s clothing 
into evidence, which could have been important in determining whether the 
wounds were self-inflicted, and (5) the bathroom door was not broken and 
there did not appear to be signs of a struggle elsewhere in the apartment. 
Tarrant County Medical Examiner Nizam Peerwani opined, however, with a 
reasonable degree of medical certainty, that Malyszka’s wounds were not self-inflicted, except for an older healing wound to the left wrist. Further, although 
the wounds were in areas accessible to Malyszka, Dr. Peerwani opined that it 
was “very unlikely” that the wounds were self-inflicted. Instead, Dr. Peerwani 
testified that the distribution of the injuries, their location and severity, and the 
presence of what appeared to be defensive wounds 
 

 were “clearly consistent” 
with being assaulted. 
        Viewing all of the evidence in a neutral light, we hold that the proof of 
guilt is not so weak as to render the jury’s guilty verdict clearly wrong and 
manifestly unjust. Johnson, 23 S.W.3d at 11. Accordingly, we overrule 
appellant’s issue and affirm the trial court’s judgment. 
                                                                  PER CURIAM 
PANEL F:   CAYCE, C.J.; DAUPHINOT and HOLMAN, JJ. 
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: November 20, 2003